**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------- x

In re:                                                                      :      Chapter 11

                                                                            :

PANDA TEMPLE POWER, LLC                              :      Case No. 17-_____ (__)

                                                                            :

         Debtor.                                                       :      Tax I.D. No. 26-1148214

                                                                            :

------------------------------------------------------------- x


------------------------------------------------------------- x

In re:                                                                      :      Chapter 11

                                                                            :

PANDA TEMPLE POWER INTERMEDIATE          :      Case No. 17-_____ (__)

HOLDINGS II, LLC                                              :

                                                                            :      Tax I.D. No. N/A[1]

         Debtor.                                                       :

                                                                            :

------------------------------------------------------------- x

**MOTION OF DEBTORS FOR ORDER
UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1
<u>AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

The debtors and debtors in possession in the above-captioned cases (together, the

"**<u>Debtors</u>**") hereby move (the "**<u>Motion</u>**") for entry of an order, under Rule 1015 of the Federal

Rules of Bankruptcy Procedure (the "**<u>Bankruptcy Rules</u>**") and Rule 1015-1 of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "**<u>Local Rules</u>**"), authorizing the joint administration of the Debtors' chapter 11

cases for procedural purposes only.   In support of the Motion, the Debtors rely upon and

incorporate by reference the *Declaration of Alison R. Zimlich, Chief Financial Officer, Chief

Risk Officer, and Treasurer of Panda Temple Power, LLC in Support of Chapter 11 Petitions

and First Day Pleadings*, filed with the Court concurrently herewith (the "**<u>Zimlich</u>**

---

[1] Panda Temple Power Intermediate Holdings II, LLC is a disregarded entity for federal income tax purposes and, as such, does not have a federal tax identification number.

**Declaration**").  In further support of the Motion, the Debtors, by and through their undersigned

counsel, respectfully represent:

## JURISDICTION

1.       This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court

for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28

U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C.

§§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Rule

1015 and Local Rule 1015-1.

## BACKGROUND

2.       On the date hereof (the "**Petition Date**"), the Debtors filed voluntary

petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under chapter 11

of title 11 of the United States Code (the "**Bankruptcy Code**").  The factual background

regarding the Debtors, including their business operations, their capital and debt structures, and

the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Zimlich

Declaration and is fully incorporated herein by reference.

3.       The Debtors continue to manage and operate their businesses as debtors in

possession pursuant to Bankruptcy Code Sections 1107 and 1108.  No trustee or examiner has

been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED

4.       By this Motion, the Debtors seek entry of an order, substantially in the

form of Exhibit A attached hereto, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1,

directing joint administration of the Chapter 11 Cases for procedural purposes only.

|US-DOCS\83044065.6||

**BASIS FOR RELIEF**

5.      Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates.  See Fed. R. Bankr. P. 1015(b)(4). Bankruptcy Code Section 101(2), in turn, defines the term "affiliate" in pertinent part, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

6.      Further, Local Rule 1015-1 provides:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

Del. Bankr. L.R. 1015-1.

7.      The Debtors in the Chapter 11 Cases include Panda Temple Power Intermediate Holdings II, LLC and its wholly-owned, direct subsidiary, Panda Temple Power, LLC.  As such, the Debtors are "affiliates" as that term is defined in Bankruptcy Code Section

3

101(2) and as used in Bankruptcy Rule 1015(b).   Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8.      The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the Chapter 11 Cases will affect both of the Debtors.   The failure to jointly administer these cases would result in two individual case dockets and, inevitably, would lead to duplicative filings for each issue, which would then be served upon separate service lists.   This duplication would be extremely wasteful and would unnecessarily overburden the Clerk of the Court and the Debtors.

9.      Joint administration of the Chapter 11 Cases will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed and (b) file the papers in one case rather than in both cases.   Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files.   Also, joint administration will ease the burden on the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") in supervising these bankruptcy cases.

10.      Further, joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for both of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.   Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in both of these cases.

11.      The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.   Each creditor and other party

4

in interest will maintain whatever rights it has against the particular estate in which it asserts a

claim or right.  Thus, all creditors will benefit from the reduced costs as a result of such joint

administration.

12.    Accordingly, the Debtors request that the official caption to be used by all

parties on all pleadings and other filings in the jointly administered cases be as follows:

```
------------------------------------------------------------ x
In re:                                    :    Chapter 11
                                          :
PANDA TEMPLE POWER, LLC, et al.,          :    Case No. 17-_____ (___)
                                          :
          Debtors.¹                       :    Jointly Administered
                                          :
------------------------------------------------------------ x
```

¹ The Debtors in these cases are Panda Temple Power, LLC and Panda Temple Power Intermediate Holdings II, LLC.  The last four digits of Panda Temple Power, LLC's federal tax identification number are 8214.  Panda Temple Power Intermediate Holdings II, LLC is a disregarded entity for federal income tax purposes and, as such, does not have a federal tax identification number. The Debtors' mailing address is 5001 Spring Valley Road, Suite 1150 West, Dallas, TX 75244.

As reflected in the above caption, footnote 1 will set forth a complete listing of the Debtors'

names, as well as the last four digits of each Debtor's tax identification number (to the extent

applicable) and the Debtors' mailing address.

13.    The Debtors submit that use of this simplified caption, without reference

to their respective tax identification numbers and other detail specified by Bankruptcy Code

Section 342(c) and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing

procedures and ensure a uniformity of pleading identification.   Further, such case-specific

information will be listed in the petitions for each Debtor, which are publicly available to parties

in interest or will be provided by the Debtors upon request.  In addition, this information will be

included in key notices to parties in interest, such as the notices required under Bankruptcy Rules

2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases.  Therefore, the Debtors submit

|US-DOCS\83044065.6||

that the policies behind the requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n) have been satisfied.

14.     In addition, the Debtors request that the Court make a separate docket entry on the docket of the chapter 11 case of Panda Temple Power Intermediate Holdings II, LLC substantially as follows:

> An order has been entered in this case consolidating this case with the case of Panda Temple Power, LLC, Case No. 17-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 17-_____ (___) should be consulted for all matters affecting this case.

15.     In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against either of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

16.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an ex parte basis.  See Del. Bankr. L.R. 1015-1.  No party will be prejudiced by virtue of the relief requested in this Motion.  Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.  Indeed, the relief requested herein is commonly granted by numerous courts, including this Court.  See, e.g., In re Chaparral Energy, Inc., Case No. 16-11144 (LSS) (Bankr. D. Del. May 11, 2016); In re Venoco, Inc., Case No. 16-10655 (KG) (Bankr. D. Del. Mar. 21, 2016); In re SDI Solutions LLC, Case No. 16-10627 (CSS) (Bankr. D. Del. Mar. 16, 2016); In re Paragon Offshore Drilling LLC, Case No. 16-10386 (CSS) (Bankr. D. Del. Feb. 17, 2016); In re Verso Corporation, Case No. 16-10163 (KG) (Bankr. D. Del. Jan. 27, 2016); In re Samson Resources Corporation, Case No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015).

6

17.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

## CONSENT TO JURISDICTION

18.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## NOTICE

19.     Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the administrative agent for the Debtors prepetition secured financing; (c) counsel to the administrative agent for the Debtors' postpetition secured financing; (d) Stroock & Stroock & Lavan LLP and Young Conaway Stargatt & Taylor LLP,  co-counsel to the lenders under the Debtors' proposed postpetition secured financing and co-counsel to the ad hoc group of lenders under the Debtors' prepetition secured financing; (e) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) the Attorney General for Texas; and (j) all parties entitled to notice pursuant to Local Rule 9013-1(m).  The Debtors submit that, under the circumstances, no other or further notice is required.

|US-DOCS\83044065.6||

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: April 17, 2017
      Wilmington, Delaware

<div style="margin-left:40%">

/s/ *John H. Knight*
John H. Knight (No. 3848)
Paul N. Heath (No. 3704)
Brendan J. Schlauch (No. 6115)
Christopher M. De Lillo (No. 6355)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King St.
Wilmington, Delaware 19801
Telephone: 302-651-7700
Fax: 302-651-7701
E-mail: knight@rlf.com
      heath@rlf.com
      schlauch@rlf.com
      delillo@rlf.com

- and -

Keith A. Simon
Annemarie V. Reilly
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone:  212-906-1200
Fax:  212-751-4864
Email: keith.simon@lw.com
      annemarie.reilly@lw.com

*Proposed Counsel for Debtors and*
*Debtors in Possession*

</div>

|US-DOCS\83044065.6||

# **EXHIBIT A**

## **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------------- x
In re:                                      :    Chapter 11
                                            :
PANDA TEMPLE POWER, LLC                     :    Case No. 17-_____ (__)
                                            :
            Debtor.                         :    Tax I.D. No. 26-1148214
                                            :
----------------------------------------------------------- x


----------------------------------------------------------- x
In re:                                      :    Chapter 11
                                            :
PANDA TEMPLE POWER INTERMEDIATE             :    Case No. 17-_____ (__)
HOLDINGS II, LLC                            :
                                            :    Tax I.D. No. N/A
            Debtor.                         :
                                            :
----------------------------------------------------------- x
```

**ORDER UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1**
**AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of the Debtors for an order, under Bankruptcy

Rule 1015 and Local Rule 1015-1, authorizing the joint administration of their Chapter 11 Cases;

and the Court having reviewed the Motion and the Zimlich Declaration; and the Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the *Amended Standing Order of Reference* from the United States District Court for the District

of Delaware dated as of February 29, 2012; and it appearing that proper and adequate notice of

the Motion has been given and that no other or further notice is necessary; and upon the record

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 17-_____ (___) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3.      The caption of pleadings and other documents filed in the jointly administered cases shall read as follows:

```
------------------------------------------------------- x
In re:                                    :   Chapter 11
                                          :
PANDA TEMPLE POWER, LLC, et al.,          :   Case No. 17-_____ (___)
                                          :
         Debtors.1                        :   Jointly Administered
                                          :
------------------------------------------------------- x
```

1 The Debtors in these cases are Panda Temple Power, LLC and Panda Temple Power Intermediate Holdings II, LLC.  The last four digits of Panda Temple Power, LLC's federal tax identification number are 8214.  Panda Temple Power Intermediate Holdings II, LLC is a disregarded entity for federal income tax purposes and, as such, does not have a federal tax identification number. The Debtors' mailing address is 5001 Spring Valley Road, Suite 1150 West, Dallas, TX 75244.

As reflected in the above caption, footnote 1 shall set forth a complete listing of the Debtors' names, as well as the last four digits of each Debtor's tax identification number (to the extent applicable) and the Debtors' address.

4.      The caption set forth above shall be deemed to satisfy any applicable requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rule 2002(n).

|US-DOCS\83044065.6||

5.       All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Panda Temple Power, LLC, Case No. 17-_____ (__).

6.       A docket entry shall be made in the chapter 11 case of Panda Temple Power Intermediate Holdings II, LLC substantially as follows:

> An order has been entered in this case consolidating this case with the case of Panda Temple Power, LLC, Case No. 17-_____ (____), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 17-_____ (___) should be consulted for all matters affecting this case.

7.       Any creditor filing a proof of claim against either of the Debtors shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

8.       Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

9.       This Order shall take effect immediately upon entry.

10.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.


Dated:  April ___, 2017
      Wilmington, Delaware


                    _____
                    THE HONORABLE _____
                    UNITED STATES BANKRUPTCY JUDGE

3